Per Curiam.

The appellants contend that the proposed industrial rate structure is unreasonable and discriminatory; that Manufacturers is charging Natural an excessive amount for the gas sold to it; and that the commission erred in refusing to consider whether the amount charged by Manufacturers is reasonable.
In determining what is a fair rate of return for Natural, the commission took into consideration the amount it pays for gas purchased from Manufacturers and held that it has no jurisdiction or authority to determine whether that amount is excessive, since Manufacturers is charging the rates fixed by the Federal Power Commission, and the price so charged is subject to regulation exclusively by the Federal Power Commission, and thus the Public Utilities Commission of Ohio has no authority to interfere with rates established by the Federal Power Commission.
This court is in accord with that holding. The power to fix rates for natural gas transported and sold in interstate commerce has been vested by the Natural Gas Act of 1938 (Section 717 et seq., Title 15, U. S. Code) in the Federal Power Commission exclusively. Public Utilities Commission of Ohio v. United Fuel Gas Co., 317 U. S., 456, 87 L. Ed., 396, 63 S. Ct., 369.
Appellants contend also that the 1954 amendment of the federal statute, Section 717, subdivision (c), Title 15, U. S. Code, exempts from regulation by the Federal Power Commission the sales by Manufacturers to Natural. This court does not agree with such contention.
That amendment provides in part:
“(c) The provisions of this chapter shall not apply to any person engaged in or legally authorized to engage in the transportation in interstate commerce or the sale in interstate commerce for resale, of natural gas received by such person from another person within or at the boundary of a state if all the natural gas so received is ultimately consumed within such state, or to any facilities used by such person for such transportation or sale, provided that the rates and service of such person and facilities be subject to regulation by a state commission,”
*539 Manufacturers is not a “person” within the meaning of that amendment, since it sells gas for resale in several states, to be consumed in other states as well as in Ohio. Further, Manufacturers does not receive the gas “within or at the boundary” of Ohio, title to the gas it purchases for resale being acquired in Texas Avhere the gas is delivered to it.
Appellants further complain because the minimum charge specified in the industrial rate schedule was set at $1,200 per month. In the previous industrial rate schedule, that minimum charge had been only $1.50 per month. Because of this $1,200 minimum charge, a substantial number of those who had previously had the advantage of the lower industrial rates will probably be required to pay the higher rates approved for domestic customers.
In considering whether the action of the Public Utilities Commission in approving the rate schedule in the instant case was “unlawful or unreasonable” (see Section 4903.13, Revised Code), this court must recognize that the fixing of rates for a public utility is a legislative problem. Parks, a Taxpayer, v. Cleveland Ry. Co., 124 Ohio St., 79, 177 N. E., 28. In this state, the General Assembly has delegated to the Public Utilities Commission the authority to fix rates with regard to utilities such as Natural. In doing so, it has by statute specified standards for the guidance of the Public Utilities Commission in the exercise of that authority. If the commission has exercised that authority in accordance with those statutory standards for guidance and if the General Assembly, in conferring such authority, has not exercised authority beyond any limitations thereon imposed by the Constitution, this court cannot find that the order of the commission is either unreasonable or unlawful, and this court must, therefore, affirm that order.
The General Assembly has specifically conferred upon the Public Utilities Commission authority to approve rate schedules with minimum charges. Section 4905.31, Revised Code. No constitutional provision prevents the General Assembly from exercising such authority or, as it has done, from delegating it with standards for guidance. The evidence in the instant case does not justify the conclusion that the minimum charge *540 provided for in the industrial rate structure will result in a classification of customers having no reasonable basis.
It is our conclusion that the order of the Public Utilities Commission appealed from is neither unreasonable nor unlawful, and it is, hereby, affirmed.

Order affirmed.

Weygandt, C. J., Matthias, Montgomery, Zimmerman, Stewart, Bell and Taft, JJ., concur.
Montgomery, J., of the Fifth Appellate District, sitting by designation in the place and stead of Hart, J., pursuant to Section 2, Article IV of the Constitution.